Westlaw.

1993 WL 364471                                                                    Page 1
1993 WL 364471 (S.D.N.Y.)
**(Cite as: 1993 WL 364471 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

CONSOLIDATED RAIL CORPORATION, Plaintiff,
v.
PRIMARY INDUSTRIES CORPORATION, Defendant.
CONSOLIDATED RAIL CORPORATION, Plaintiff,
v.
PRIMARY COAL, INC., Defendant.

**Nos. 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL).**

Sept. 10, 1993.

MEMORANDUM AND ORDER
FRANCIS, United States Magistrate Judge.

*1 The plaintiff in these related actions, Consolidated Rail Corporation ("Conrail"), has moved for a protective order precluding certain depositions and directing that others be conducted in Philadelphia, Pennsylvania. The defendants, Primary Industries Corp. and Primary Coal, Inc. (collectively referred to as "Primary"), have cross-moved for an order compelling discovery responses and extending the deadline for completion of discovery. Each of these issues will be addressed in turn.

*Background*

Conrail, a common carrier, seeks to recover freight charges that it contends are owed by Primary, a coal producer. Primary has counterclaimed, asserting that it suffered damages when Conrail wrongfully closed its port facility at Philadelphia and diverted its coal traffic to Baltimore. Conrail has filed a motion for summary judgment on statute of limitations grounds which is currently pending.

*Discussion*

A. *Executive Officer Depositions*

Primary has served a notice for the deposition of ten Conrail employees. Conrail has agreed to produce seven of these witnesses, but has moved for a protective order precluding the depositions of three others: James Hagan, Chairman,

President, and Chief Executive Officer of Conrail; Robert Swert, Vice President of Labor Relations; and David LeVan, Senior Vice President of Operations. Each of these individuals has submitted an affidavit attesting that he has no personal knowledge of the facts underlying the claims and counterclaims in these cases except for what he may have learned from other Conrail employees.

Highly-placed executives are not immune from discovery. "[T]he fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *CBS, Inc. v. Ahern,* 102 F.R.D. 820, 822 (S.D.N.Y.1984) (citation omitted). Moreover, a claim that the witness lacks knowledge is subject to testing by the examining party. *See Amherst Leasing Corp. v. Emhart Corp.,* 65 F.R.D. 121, 122 (D.Conn.1974).

At the same time, permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation. Accordingly, where other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive. *See CBS,* 102 F.R.D. at 822 n. 2; *Amherst,* 65 F.R.D. at 123.

Given these considerations, it is appropriate in these cases to defer any live depositions of the three named executives until it has been demonstrated that they have some unique knowledge pertinent to the issues in these cases. Primary may seek to establish such a foundation through Rule 31 depositions upon written questions of these executives as well as through the deposition testimony of other witnesses. Until such a showing has been made, however, these three individuals shall not be deposed in person.

B. *Site of Depositions*

Conrail next contends that the depositions of its seven remaining witnesses should be held in Philadelphia, where Conrail's headquarters are located, rather than in New York, as the deposition notice indicates.

*2 This request has merit. It is far more efficient to require Primary's counsel to travel to Philadelphia than it is to require Conrail's attorney and seven witnesses to come to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

1993 WL 364471                                                                Page 2
1993 WL 364471 (S.D.N.Y.)
**(Cite as: 1993 WL 364471 (S.D.N.Y.))**

New York. *See Huynh v. Werke,* 90 F.R.D. 447, 449 (S.D.Ohio 1981). Moreover, it is possible that documents available in Conrail's offices but not previously disclosed in discovery will be necessary for the depositions.

Accordingly, the depositions of Conrail's employees shall be taken in Philadelphia. Since Conrail, as the plaintiff, would normally be expected to produce its witnesses for deposition in the forum district, it shall initially bear the costs of conducting the depositions in Philadelphia, including the travel and accommodation expenses of Primary's counsel, as well as his reasonable attorney's fees. *See id.;* local civil rule 15. These costs shall ultimately be taxed against the losing party at the conclusion of the litigation.

C. *Document Requests*

In its cross-motion, Primary seeks to compel production of a variety of documents primarily related to the reasons that Conrail closed its Philadelphia facility. Such documents are of doubtful relevance to any issue in the cases and are clearly not pertinent to Conrail's pending summary judgment motion. Since the request for this discovery will be moot if the summary judgment motion is granted, the motion to compel is denied without prejudice to renewing it after the dispositive motion is decided.

D. *Discovery Schedule*

Finally, Primary seeks an extension of the discovery deadline. Because of the pending summary judgment motion, the parties may decide to defer some discovery until the motion is decided. The discovery deadline shall therefore be held in abeyance until the motion for summary judgment has been determined.

SO ORDERED.

1993 WL 364471 (S.D.N.Y.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.