1996 WL 306457            Page 1
1996 WL 306457 (S.D.N.Y.)
(Cite as: 1996 WL 306457 (S.D.N.Y.))
H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

**Makraim ROPHAIEL, Plaintiff,
v.
ALKEN MURRAY CORP., Valerie Anne
Edwards and Kenneth J. Edwards, Jr.
Defendants.**

No. 94 CIV. 9064 (CSH).

June 7, 1996.

*MEMORANDUM OPINION AND ORDER*

HAIGHT, Senior District Judge:

*1 The law firm of Cowan, Liebowitz & Latman, P.C. (hereinafter "Cowan, Liebowitz" or "the firm"), moves pursuant to Rule 3(c) of the General Rules for the Southern and Eastern Districts of New York to be relieved as counsel for defendants. Plaintiff opposes the motion.

The sole basis for the instant motion is the defendants' failure to pay the firm's outstanding legal fees. The law firm represents that "the outstanding fees owed to us in connection with this matter as well as several other matters totaled $70,396.54." Declaration of Simon Gerson, a member of the firm, at ¶ 7. Defendants entered into an agreement with their attorneys on February 23, 1996 to pay $1,000.00 a month in satisfaction of this debt. The last payment under this agreement was made on March 7, 1996. Gerson attests that "defendants have advised me that they do not have any money to pay our fees." *Id.* at ¶ 5.

Under Local Rule 3(c), an order of withdrawal "may be granted only upon showing by affidavit of satisfactory reasons for withdrawal." Cowan, Liebowitz cites *Behansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y.1990), *Farr Man Coffee, Inc. v. M/S Bernhard S*, 1989 WL 31529 (S.D.N.Y.), *Statue of Liberty-Ellis Island Found., Inc. v. International United Indus., Inc.*, 110 F.R.D. 395 (S.D.N.Y.1986), and *Kolacek v. Gemexco Trading, Inc.*, 1992 WL 14991 (S.D.N.Y.) in support of its view that a client's refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal. But in each of those cases, a second factor also supported the application for withdrawal: the client's refusal to cooperate with his attorney. [FN1] In the present case, there has been no showing that either Alken Murray Corp. or either of the individual defendants was in the least bit uncooperative. In fact, the firm admits that its clients "have not objected to the amount of our fees, nor have they ever complained about the quality of our legal work. They have simply been unable to pay us." Gerson Declaration at ¶ 10.

FN1. For example, in *Kolacek,* the court stated that "defendant's failure to pay counsel, as well as its failure to cooperate with its counsel" supported the motion for withdrawal. 1992 WL 14991, *1. Despite this unambiguous language, Cowan, Liebowitz cites the case for the proposition that a "client's failure to abide by a fee agreement is alone a satisfactory reason for withdrawal of counsel." Reply Memorandum at 2.

"A number of courts have held that nonpayment of fees alone is insufficient cause for the withdrawal." *In re Meyers*, 120 B.R. 751, 752 (Bankr.S.D.N.Y.1990). However, one can conceive of a situation in which a client's stark refusal to pay, coupled with a demonstrated inability to do so, imposes such financial hardship on the attorney that continued representation would be unfair. Indeed, New York's Code of Professional Responsibility DR 2-110(C)(1)(f) (McKinney's 1996) allows for withdrawal where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

In the present case, however, Cowan, Liebowitz has not made a sufficient showing of its clients' purported financial delinquency to warrant granting of the motion. As an initial matter, it is not clear from the firm's submissions how much of the $70,396.54 owed by defendants is attributable to work on this case. I am, of course, unconcerned with sums owed on other matters. The question is whether the clients have met, or are in the process of meeting, their financial obligations incurred in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



1996 WL 306457
(Cite as: 1996 WL 306457, *1 (S.D.N.Y.))

Page   2

connection with this case. If they are, there is no basis for Cowan, Liebowitz's withdrawal.

*2 Assuming substantial sums are owed in connection with this action, the firm has failed to convince me that its clients are truly unable to fulfill those payment obligations. The proof on this point consists of a bare assertion in the Gerson Declaration that defendants have said they cannot afford to pay their fees; a letter from Cowan, Liebowitz demanding payment from Alken Murray Corp. ("Alken Murray"); and the defendants' failure to make two monthly payments under their agreement with the firm. This is not enough to justify withdrawal. According to the complaint, Alken Murray is a corporation which has been in business since 1934, producing and selling treatments and additives for water and fuel. If it is Cowan, Liebowitz's position that this corporation truly cannot afford to pay, they must present more substantial evidence of this fact, namely financial statements demonstrating the corporation's alleged "severe economic distress." Gerson Declaration at ¶ 10. Likewise with respect to the individual defendants--both of whom have a substantial ownership stake in Alken Murray and, from the face of prior affidavits submitted by them in this case, appear to come from relatively well-to-do suburbs in Maryland and Virginia--additional evidence is required, specifically tax returns showing that they too cannot satisfy defendants' payment obligations. [FN2] Until such additional evidence is submitted, I decline to consider Cowan Liebowitz's application for withdrawal.

> FN2. Those tax returns, if submitted, will be considered *in camera*.

I am further influenced by the litigation delay that would occur if the firm were permitted to withdraw. It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees. I do not say that the defendants at bar are engaged in that tactic. I only say that the present record is insufficient to allow the withdrawal of the firm.

Accordingly, I deny Cowan, Liebowitz's motion, and direct that discovery proceed in this matter. The case has been pending for almost one year and a half, and I am concerned that any further delay in taking discovery will unfairly prejudice the plaintiff.

The parties are directed to attend a status conference in Courtroom 17C, 500 Pearl Street on June 14, 1996, at 2:00 p.m., for the purpose of setting a timetable for discovery.

It is SO ORDERED.

1996 WL 306457 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

. 1:94CV09064 (Docket) (Dec. 16, 1994)

**END OF DOCUMENT**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

