position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law

## Rule 3.2. Expediting Litigation

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

(P.B. 1978-1997, Rule 3.2.)

COMMENTARY: Dilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates, or for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

## Rule 3.3. Candor toward the Tribunal

(a) A lawyer shall not knowingly:

(1) Make a false statement of material fact or law to a tribunal;

(2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3) Fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(b) The duties stated in subsection (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

(P.B. 1978-1997, Rule 3.3.)

COMMENTARY: The advocate's task is to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty of candor to the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.

Representations by a Lawyer. An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare Rule 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in Rule 1.2 (d) not to counsel a client to commit or assist the client in committing a fraud applies in litigation. Regarding compliance with Rule 1.2 (d), see the Commentary to that Rule. See also the Commentary to Rule 8.4 (2)

Misleading Legal Argument. Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in subsection (a) (3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

False Evidence. When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client's wishes.

When false evidence is offered by the client, however, a conflict may arise between the lawyer's duty to keep the client's revelations confidential and the duty of candor to the court. Upon ascertaining that material evidence is false, the lawyer should seek to persuade the client that the evidence should not be offered or, if it has been offered, that its false character should immediately be disclosed. If the persuasion is ineffective, the lawyer must take reasonable remedial measures.

Except in the defense of a criminal accused, the rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client's deception to the court or to the other party. Such a disclosure can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process which the adversary system is designed to implement. See Rule 1.2 (d) Furthermore, unless it is clearly understood that the lawyer will act upon the duty to disclose the existence of false evidence, the client can simply reject the lawyer's advice to reveal the false evidence and insist that the lawyer keep silent. Thus the client could in effect coerce the lawyer into being a party to fraud on the court.

Perjury by a Criminal Defendant. Whether an advocate for a criminally accused has the same duty of disclosure has been intensely debated. While it is agreed that the lawyer should seek to persuade the client to refrain from perjurious testimony, there has been dispute concerning the lawyer's duty when that persuasion fails. If the confrontation with the client occurs before trial, the lawyer ordinarily can withdraw. Withdrawal before trial may not be possible, however, either because trial is imminent, or because the confrontation with the client does not take place until the trial itself, or because no other counsel is available.

The most difficult situation, therefore, arises in a criminal case where the accused insists on testifying when the lawyer knows that the testimony is perjurious. The lawyer's effort to rectify the situation can increase the likelihood of the client's being convicted as well as opening the possibility of a prosecution for perjury. On the other hand, if the lawyer does not

24

© Copyrighted by the Secretary of the State of the State of Connecticut

exercise control over the proof, the lawyer participates, although in a merely passive way, in deception of the court.

Three resolutions of this dilemma have been proposed. One is to permit the accused to testify by a narrative without guidance through the lawyer's questioning This compromises both contending principles; it exempts the lawyer from the duty to disclose false evidence but subjects the client to an implicit disclosure of information imparted to counsel. Another suggested resolution, of relatively recent origin, is that the advocate be entirely excused from the duty to reveal perjury if the perjury is that of the client This is a coherent solution but makes the advocate a knowing instrument of perjury.

The other resolution of the dilemma is that the lawyer must reveal the client's perjury if necessary to rectify the situation A criminal accused has a right to the assistance of an advocate, a right to testify and a right of confidential communication with counsel However, an accused should not have a right to assistance of counsel in committing perjury. Furthermore, an advocate has an obligation, not only in professional ethics but under the law as well, to avoid implication in the commission of perjury or other falsification of evidence See Rule 1.2 (d)

**Remedial Measures.** If perjured testimony or false evidence has been offered, the advocate's proper course ordinarily is to remonstrate with the client confidentially If that fails, the advocate should seek to withdraw if that will remedy the situation. If withdrawal will not remedy the situation or is impossible, the advocate should make disclosure to the court It is for the court then to determine what should be done— making a statement about the matter to the trier of fact, ordering a mistrial or perhaps nothing If the false testimony was that of the client, the client may controvert the lawyer's version of their communication when the lawyer discloses the situation to the court If there is an issue whether the client has committed perjury, the lawyer cannot represent the client in resolution of the issue, and a mistrial may be unavoidable. An unscrupulous client might in this way attempt to produce a series of mistrials and thus escape prosecution However, a second such encounter could be construed as a deliberate abuse of the right to counsel and as such a waiver of the right to further representation.

**Constitutional Requirements.** The general rule—that an advocate must disclose the existence of perjury with respect to a material fact, even that of a client—applies to defense counsel in criminal cases, as well as in other instances However, the definition of the lawyer's ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases. In some jurisdictions these provisions have been construed to require that counsel present an accused as a witness if the accused wishes to testify, even if counsel knows the testimony will be false The obligation of the advocate under these Rules is subordinate to such a constitutional requirement

**Duration of Obligation.** A practical time limit on the obligation to rectify the presentation of false evidence has to be established The conclusion of the proceeding is a reasonably definite point for the termination of the obligation

**Refusing to Offer Proof Believed to Be False.** Generally speaking, a lawyer has authority to refuse to offer testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer's ability to discriminate in the quality of evidence and thus impair the lawyer's effectiveness as an advocate. In criminal cases, however, a lawyer may, in some jurisdictions, be denied this authority by constitutional requirements governing the right to counsel.

**Ex Parte Proceedings.** Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party However, in an ex parte proceeding, such as an application for a temporary restraining order, there is no balance of presentation by opposing advocates The object of an ex parte proceeding is nevertheless to yield a substantially just result The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

## Rule 3.4.  Fairness to Opposing Party and Counsel

A lawyer shall not:

(1) Unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(2) Falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(3) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(4) In pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(5) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(6) Request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(A) The person is a relative or an employee or other agent of a client; and

(B) The lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

(7) Present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.

(P.B. 1978-1997, Rule 3 4.)

COMMENTARY: The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

Documents and other items of evidence are often essential to establish a claim or defense Subject to evidentiary privileges, the right of an opposing party, including the government,

25

© Copyrighted by the Secretary of the State of the State of Connecticut