UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br>    **Plaintiff,**<br><br>v.<br><br>**AUSBERT DE ARCE a/k/a GONZALEZ-DE ARCE, A., A. GONZALEZ DE ARCE, AUSBERTO ANGEL GONZALEZ, AUSBERT A. GONZALEZ DE ARCE, AUSBERTO GONZALEZ DEARCE; LICENSING WORKS INTERNATIONAL, INC.; and EURODALMER, S.A.,**<br><br>    **Defendants.** | :<br>:<br>:<br>:<br>:<br>:     Case No. 3:03cv1568(DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff World Wrestling Entertainment, Inc., ("WWE") commenced this action for injunctive relief and damages against defendant Ausbert de Arce ("de Arce") in September 2003. WWE's Second Amended Complaint, which was filed on March 8, 2005, named Licensing Works International, Inc., ("LWI") and Eurodalmer, S.A., ("Eurodalmer") as additional defendants. Since this lawsuit has been filed, this court has entered defaults against de Arce three times, once against LWI , and once against Eurodalmer. For the foregoing reasons, plaintiff's motions for default judgment as to all defendants **(dkt. #s 95 & 102)** are **GRANTED in part**.

### STANDARD

"It is well established that a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court."

Cablevision of S. Conn. Ltd. Partnership v. Smith, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999)).  In civil cases, however, "where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party."  Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984).

**DISCUSSION**

In this case, plaintiff is entitled to an entry of default judgment as to all defendants. Defendant de Arce, who has not filed a pro se appearance, has failed to respond to WWE's Second Amended Complaint and has failed to comply with this court's orders dated October 3, 2005 and December 22, 2005.  Defendant LWI has failed to move to set aside the default, appear or respond to WWE's Second Amended Complaint.  Defendant Eurodalmer has failed to move to set aside the default, appear or respond to WWE's Second Amended Complaint.

**1.  Ausbert de Arce**

On December 10, 2003, a default was entered against defendant de Arce for the first time. (See Dkt. # 7).  Shortly thereafter, on January 12, 2004, this court granted plaintiff's motion for default judgment. (See Dkt. # 13).  On January 23, 2004, default judgment was entered against de Arce.  (See Dkt. # 14).  Defendant de Arce then moved to set aside the default judgment.  The court found that de Arce's failure to respond to WWE's complaint was the was the result of excusable neglect and granted de Arce's motion to set aside the default on June 15, 2004. (See Dkt. # 37).  Once the case was reopened, plaintiff filed an amended complaint and de Arce filed an amended answer and affirmative defenses.

Then, on March 8, 2005, plaintiff filed a second amended complaint against de Arce, LWI, and Eurodalmer. Defendant de Arce failed to answer or otherwise defend. Accordingly, the court entered a default against de Arce for the second time on June 20, 2005. (See Dkt. # 85). In another order issued the same day, the court noted that it had not received defendant de Arce's pro se appearance. In addition, the court ordered plaintiff to serve a copy of this court's order of June 20, 2005, which entered default against de Arce, upon defendant de Arce. (See Dkt. # 86).

Following the entry of default, WWE moved for default judgment as to defendant de Arce. (See Dkt. # 92). In response, de Arce submitted a letter, dated August 10, 2005, to the court. (See Dkt. # 97). The court then issued an order on August 26, 2005, which notified de Arce that this court would not act upon letters. Accordingly, the court ordered the pro se defendant to file a motion to set aside the entry of default *and* to file a response to WWE's Second Amended Complaint by September 26, 2005. In addition, the court cautioned, "If Mr. de Arce does not file these papers, default judgment shall be entered against him pursuant to Fed. R. Civ. P. 55 (b)(2) because he will have failed to plead or otherwise defend." (See Dkt. # 96). The court also ordered plaintiff WWE, to serve, by personal delivery, a copy of the August 26th order upon Ausbert de Arce.

On September 19, 2005, de Arce attempted to file a responsive pleading, dated September 16, 2005, which purported to be both a motion to set aside WWE's motion for default and a response to WWE's Second Amended Complaint. In an order dated October 3, 2005, this court found that de Arce's purported filing established good cause to set aside the entry of default[1]; however, the court ordered de Arce to correct the technical deficiencies with his pleading. The

---

[1] In essence, the court read de Arce's submission as a motion to set aside the default.

3

order read,

> [t]he Court orders Mr. de Arce to do the following by October 30, 2005: (1) file his response to WWE's Second Amended Complaint again with the court as a separate signed document; (2) mail a photocopy of that document to WWE's counsel; and (3) include, within the documents filed with the court, a statement that the court-filed documents were mailed to WWE's counsel.

(See Dkt. # 99).

Defendant de Arce did not comply with this court's order of October 3, 2005. WWE moved to reinstate the default against de Arce and to enter judgments by default against all defendants. (See Dkt. # 102). In his response to WWE's motion to reinstate the default, de Arce contended that he had filed a response to WWE's Second Amended Complaint because this court ordered the clerk to docket de Arce's September 16th submission, which purported to be both a motion to set aside WWE's motion for default and a response to WWE's Second Amended Complaint. In this court's order of October 3, 2005, however, the court ordered de Arce to correct the technical deficiencies with respect to his response to WWE's Second Amended Complaint and then to re-file, with the court, his response to WWE's Second Amended Complaint and certification. Since de Arce did not correct the technical deficiencies in his response to WWE's Second Amended Complaint and did not re-file his response and certification, the court found that de Arce failed to comply with this court's order of October 3, 2005. Accordingly, this court entered a default against Mr. de Arce on December 22, 2005. (See Dkt. # 106). This was the third default that this court entered against defendant de Arce during the pendency of this litigation.

Yet, despite de Arce's failure to comply with this Court's order of October 3, 2005, this court gave de Arce yet another opportunity to avoid judgment by default. The order of December

4

22, 2005, read,

> **FURTHER, THE COURT HEREBY ORDERS THAT A JUDGMENT BY DEFAULT SHALL ENTER AGAINST DE ARCE ON MONDAY, JANUARY 23, 2006, UNLESS ON OR BEFORE MONDAY, JANUARY 23, 2006, DE ARCE FILES A RESPONSE TO WWE'S SECOND AMENDED COMPLAINT ALONG WITH A CERTIFICATION WITH THE COURT AND MAILS A PHOTOCOPY OF THE FILED DOCUMENTS TO WWE'S COUNSEL.**

(See Dkt. # 106).

The court imposed deadline of January 23, 2006, has passed and de Arce still has not filed his response to WWE's Second Amended Complaint and certification with the court. Accordingly, the court finds that de Arce has not complied with this court's order dated December 22, 2005.

Due to de Arce's failure to obey this court's orders, file a pro se appearance, file a response to WWE's Second Amended Complaint, or file a motion to set aside the newest entry of default, the court hereby grants plaintiff's motion to enter judgment by default against defendant Ausbert de Arce.

**2. Licensing Works International, Inc., and Eurodalmer, S.A.**

WWE's Second Amended Complaint, which was filed on March 8, 2005, added LWI and Eurodalmer as additional defendants to this lawsuit. Neither LWI nor Eurodalmer filed an appearance or responded to WWE's Second Amended Complaint. Accordingly, on July 28, 2005, this court granted plaintiff's motion for default entry against both LWI and Eurodalmer.

Then, on August 24, 2005, plaintiff moved for default judgment as to both LWI and

Eurodalmer. (See Dkt. # 95). Since the filing of plaintiff's motion, neither LWI nor Eurodalmer has moved to set aside the default, filed an appearance, or responded to WWE's Second Amended Complaint.

Also of significance is the fact that this court recognized defendant de Arce's alleged involvement with LWI and Eurodalmer in its orders dated October 3, 2005 and December 22, 2005. In this court's order of October 3, 2005, the court observed, "Mr. de Arce is representing himself in this matter and cannot file an appearance on behalf of either LWI or Eurodalmer." (See Dkt. # 99). This court's order of December 22, 2005, also cautioned the defendants because it warned de Arce, LWI, and Eurodalmer that,

> [t]he court hereby puts de Arce, LWI, and Eurodalmer on notice that in order to avoid a judgment by default against LWI and Eurodalmer each of the corporate co-defendants must retain counsel to appear in this lawsuit. Further, the corporate defendants must either respond to WWE's Second Amended Complaint or move to set aside the default. If LWI fails to plead or otherwise defend by Monday, January 23, 2006, a judgment by default shall enter against LWI pursuant to Fed. R. Civ. P. 55(b)(2). If Eurodalmer fails to plead or otherwise defend by January 23, 2006, a judgment by default shall enter against Eurodalmer pursuant to Fed. R. Civ. P. 55(b)(2).

(See Dkt. # 106). The deadline of January 23, 2006, has passed and LWI and Eurodalmer still have not responded or appeared in this lawsuit. Nor have LWI or Eurodalmer filed a motion to set aside the entry of default. Accordingly, the court hereby grants plaintiff's motion (dkt. # 95) to enter judgment by default against LWI and Eurodalmer.

## CONCLUSION

In conclusion, the court enters the following orders:

1. **A judgment in plaintiff's favor on all counts of the Second Amended Complaint against Ausbert de Arce shall enter immediately**; however, the court will address the damages and injunctive relief to which WWE is entitled to in a forthcoming opinion. Due to defendant de Arce's failure to obey this court's order of December 22, 2005, to the extent that said order denied without prejudice WWE's motion for judgment by default against defendant de Arce (dkt. # 102), said order is VACATED and **(dkt. # 102) is now GRANTED in part.**

2**. A judgment in plaintiff's favor on all counts of the Second Amended Complaint against LWI shall enter immediately**; however, the court will address the damages and injunctive relief to which WWE is entitled to in a forthcoming opinion. Accordingly, WWE's "Motion for Judgment by Default Against Defendants Licensing Works International, Inc., and Eurodalmer, S.A." **(dkt. # 95) is GRANTED in part**.

3. **A judgment in plaintiff's favor on all counts of the Second Amended Complaint against Eurodalmer shall enter immediately**; however, the court will address the damages and injunctive relief to which WWE is entitled to in a forthcoming opinion. Accordingly, WWE's "Motion for Judgment by Default Against Defendants Licensing Works International, Inc., and Eurodalmer, S.A." **(dkt. # 95) is GRANTED in part.**

**IT IS SO ORDERED**

Dated at Hartford, Connecticut this ___27th____ day of January, 2006.

_____/s/DJS_____
Dominic J. Squatrito
United States District Judge